MELCHERS & CO. v. MOORE.

1. JUDGMENT—CALENDAR.—Where a complaint on open account is answered by simply alleging defect in one article sued on and damages, and to this plaintiff demurs and puts case on Calendar 2, but before convening of Court serves on defendant's attorney notice that he will admit his damages, and move Court to give him judgment for difference, and upon calling of case on Calendar 2, and during argument of motion for judgment, plaintiff withdraws his demurrer, Court may give judgment for difference on pleadings on Calendar 2.

2. A JUDGMENT given by Court in a law case on Calendar 2 need not be written on the complaint, but may be written on a separate piece of paper.

3. IBID.—ENROLLING.—Placing all papers belonging to a judgment roll in an envelope properly indorsed, and not fastened together, is a sufficient enrolling of the judgment.

Before ALDRICH, J., Barnwell, July, 1901.    Affirmed.

Action by Melchers & Co. against W. W. Moore.    From judgment for plaintiffs, defendant appeals.

*Messrs. Bates & Simms,* for appellant, cite: *Answer stating new matter by way of defense is not frivolous: 27* S. C., 164; *6* S. C., *113.    Plaintiff cannot make offer of judgment:* Code, *386.    Court can only pass on answer where the affirmative issues therein are admitted: 59* S. C., *195.*

*Mr. A. Howard Patterson,* contra, cites : *Upon demurrer by plaintiff to defendant's answer case properly put on calendar 2, and there all motions therein were properly heard:* Code, *276; 15* S. C., *489; 34* S. C., *272.    No notice having been given of motion to transfer case to another calendar, plaintiff waived his right to object: 3* Ency. P. & P., *809; 23* S. C., *392; 42* S. C., *92; 44* S. C., *119.    Plaintiff having admitted defendant's claim, there was left no issue for jury: 44* S. C., *536; 59* S. C., *195.    Placing all papers in an envelope properly endorsed, is sufficient enrollment of judgment: 59* S. C., *328.*

February 12, 1902.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   This appeal involves the validity of the judgment pronounced in this action by his Honor, Judge Aldrich, while presiding over the Court of Common Pleas for Barnwell County at the June term, 1901, in favor of the plaintiffs, and the ground upon which the appellant attacks the validity of such judgment are: First. That the order for judgment was made by the Circuit Judge while the action was on calendar 2.   Second. That such judgment could only have been rendered on calendar 1.   Third. That such judgment was not enrolled as required by law, (a) because the order for judgment was not entered on the complaint, but appeared upon a separate paper; (b) because the papers constituting the judgment roll were not attached together, but were all included in one envelope, with the title of the action thereon indorsed.   These propositions will now be considered in their order.

First. Was the action properly on calendar 2, and if so was the judgment so rendered valid while on calendar 2? Section 276 of the Code of Civil Procedure in this State directs the clerk of the Court to arrange the causes thereon for trial as follows: "Upon calendar 1 shall be placed all cases and issues to be passed upon by a jury.   Upon calendar 2 shall be placed all cases to be passed upon by the Court, including all motions and rules to show cause.   Upon calendar 3 shall be placed all cases where judgments by default are to be taken * * *" In the action at bar the pleadings disclose the fact that plaintiffs' complaint showed as their cause of action against the defendant an open account for $255.31, embracing three several items—one for $185 for fifty barrels flour, one for $12.25 for Kansas grist and Tennessee grist, and one for $58.06 for three barrels of sugar.   The answer of defendant admitted all the items as charged, except that the defendant claimed that the flour sold him by the plaintiffs was thirty cents per barrel inferior to previous sales of similar brand.   The

plaintiffs demurred to said answer because it did not state facts sufficient to constitute a defense. Before the term of Court, the plaintiffs served the following notice upon defendant's attorneys:

"To Messrs. Bates & Simms, attorneys for the defendant in the above action: Please take notice that plaintiffs in said action agree to allow the defendant therein a reduction of thirty cents upon each barrel of flour mentioned in the account annexed to the complaint in said action, as claimed by the said defendant in his answer, the aggregate amount being $15, and will upon the call of the calendar at the term of the Court commencing on the 16th inst., move the said Court for an order for judgment for the balance of said debt as claimed in the said complaint. A. Howard Patterson, plaintiffs' attorney. Barnwell, S. C., July 11th, 1901."

It is thus made manifest that the case had been properly placed by the clerk of Court upon calendar 2, for there was a demurrer to be passed upon by the Judge as well as a motion. There was no motion made when the case was called by the Circuit Judge. And accordingly he passed the following order, first stating this preliminary matter: "In this condition the case was called up for a hearing on the notice above stated, during the argument of which motion defendant's attorneys raised the objection that the demurrer interposed by the plaintiffs to defendant's answer had not been disposed of. Thereupon the plaintiffs' attorney, at the suggestion of the Court, withdrew his demurrer and renewed his motion for judgment upon said notice. To all of which defendant's attorneys objected." After argument, his Honor signed the following order: "This case being called on calendar 2, and it being upon no other calendar, and no motion made to transfer or docket the cause on any other calendar, the plaintiffs' attorney withdrew his demurrer to the answer of the defendant and read notice of motion for judgment on the pleadings, and notice containing the admission of the amount of damages, $15, claimed by the defendant in his answer. After hearing arguments of

counsel for plaintiffs and defendant, on motion of A. How-
ard Patterson, plaintiffs' attorney, it is ordered and ad-
judged, that the plaintiffs have judgment against the
defendant for the sum of $240.31, being the amount claimed
in the complaint, less the amount of damages claimed by the
defendant in his answer."

It is manifest that the Circuit Judge should have passed
upon plaintiffs' motion for judgment with the case properly
on calendar 2, and while it was on calendar 2, when the
defendant by his answer admitted all the facts set out in the
complaint except as to fifty barrels of flour, and only claimed
that such fifty barrels of flour fell short by the sum of 30
cents a barrel. The difference in the claim was a simple
arithmetical process, to wit: a multiplication of 50 by 30.
There was no work here for a jury.

Second. Should such judgment have been rendered alone
on calendar 1? We do not think so. When all the issues
of fact are eliminated, what has a jury to pass upon? Issues
of law? Certainly not; these issues of law are decided by
the Judge. What a useless piece of work would have been
involved in directing the clerk of Court to transfer the case
to calendar 1 for judgment by the Court? This Court can-
not sanction such views of a solemn judgment of a Court
which had jurisdiction of both person and subject matter.

Third. (a) Was it, the judgment, nugatory because not
entered upon the complaint, but only on a separate piece of
paper? I do not think so. While it may be true
that the judgment is more easily identified by being
entered on the complaint, still it is not void because
it is not entered on the complaint.

(b) Was the judgment nugatory because the clerk of
Court did not attach all the papers together, but
placed them in an envelope, addressed with the name
of the cause? I can take no such view of the re-
quirements of the law. The grounds of appeal are over-
ruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.